IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA                )                                                | |
|                                                                                )                                                | |
| vs.                                                                          )     CRIMINAL NO. 08-0338-WS-B | |
|                                                                                )                                                | |
| MARCUS DEWAYNE NEAL,                )                                                | |
|                                                                                )                                                | |
|                   Defendant.                                   )                                                | |

**ORDER**

This matter is before the Court on the defendant's motion to dismiss the indictment as to him. (Doc. 24). The government has filed a response, (Doc. 34), the defendant declined the opportunity to file a reply, (Doc. 28), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion to dismiss is due to be denied.

**BACKGROUND**

The defendant is charged in Counts Two and Four of the indictment. Count Two charges that, on or about April 14, 2008, he possessed with intent to distribute a certain quantity of marijuana. Count Four charges that, on or about the same date, during and in relation to the drug trafficking crime of possessing with intent to distribute marijuana, the defendant carried and possessed a firearm. (Doc. 1).

According to the defendant, Prichard police officers Kenyada Taylor and Daniel Stubbs arrested the defendant on April 14, 2008, on a charge of "unlawfully possessing marijuana for other than personal use." (Doc. 24, ¶ 1). This is the crime of unlawful possession of marijuana, first degree, a Class C felony. Ala. Code § 13A-12-213(a). Taylor signed a criminal complaint making this charge the following day. (Doc. 24, Attachment at 5). On June 25, 2008, the date set for the preliminary hearing, (*id.* at 1), the state judge entered an order amending the charge to one of unlawful possession of

marijuana, second degree. (*Id*. at 4). This crime, a Class A misdemeanor, requires that the defendant "possesses marihuana for his personal use only." Ala. Code § 13A-12-214. The state court order reflects that the charge was reduced "[o]n recommendation of ... the State [and] Officer." (Doc. 24, Attachment at 4). The same day, the defendant pleaded guilty to the reduced charge and received a sentence of one year, suspended for two years probation. (*Id*.). The indictment in this case was handed down on October 30, 2008. (Doc. 1).

The defendant argues that, under these circumstances, it is "a violation of his Due Process Rights for the Government to use inconsistent theories in multiple prosecutions for the same event" and that the government "should be judicially estopped" from prosecuting him for possession with intent to distribute after the state charge was reduced to possession for personal use "with the approval" of Taylor and/or Stubbs. (Doc. 24, ¶¶ 2, 10).

## DISCUSSION

"This Court has plainly and repeatedly stated that two identical offenses are not the 'same offence' within the meaning of the Double Jeopardy Clause if they are prosecuted by different sovereigns." *Heath v. Alabama*, 474 U.S. 82, 92 (1985). The defendant admits that the State of Alabama is "a separate sovereign," (Doc. 24 at 3), which eliminates his ability to press for dismissal based on a double jeopardy violation. He seeks to reach the same result through the Due Process Clause.

The defendant presents no authority for the proposition that one sovereign's prosecution of a defendant on a narrow theory (such as mere possession) can ever preclude his prosecution by another sovereign on a broader theory (such as possession with intent to distribute). The concept appears contrary to the established principle that "the Federal Government has the right to decide that a state prosecution has not vindicated a violation of the 'peace and dignity' of the Federal Government," *Heath*, 474

U.S. at 93, which decision would be all the more likely when, as here, a federal felony is charged as a state misdemeanor.  It also appears contrary to the rule that, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."  *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).  Moreover, in the related context of two prosecutions by the same sovereign against different defendants, "'[the Supreme] Court has never hinted, much less held, that the Due Process Clause prevents a State from prosecuting defendants based on inconsistent theories.'"  *Fotopoulos v. Secretary, Department of Corrections*, 516 F.3d 1229, 1235 (11th Cir. 2008) (quoting *Bradshaw v. Stumpf*, 545 U.S. 175, 190 (2005) (Thomas, J., concurring)).

      The absence of authority affirming the right claimed by the defendant is itself enough to warrant denial of his motion. Nevertheless, because some jurisdictions do appear to recognize a due process challenge in the context of inconsistent theories employed by the same sovereign against two defendants,[1] the Court proceeds to consider the defendant's argument with respect to inconsistent theories employed by different sovereigns against the same defendant.

      The defendant's theory is that the officers approved a charge of simple possession; that in so doing they took a "position on factual matters" for purposes of hearsay analysis; and that in so doing they acted as the federal government's agents so that their approval of the reduced charge constitutes an admission of the federal government for purposes of

---

[1] *See, e.g., United States v. Higgs*, 353 F.3d 281, 326 (4th Cir. 2003) ("In some situations, the Due Process Clause prohibits the government from presenting mutually inconsistent theories of the same case against different defendants"); *Smith v. Groose*, 205 F.3d 1045, 1052 (8th Cir. 2000) ("To violate due process, an inconsistency must exist at the core of the prosecutor's cases against defendants for the same crime.").  *But see Pondexter v. Quarterman*, 537 F.3d 511, 527 (5th Cir. 2008) ("It is well-established that the use of inconsistent theories in the separate trials of co-defendants is *not* a violation of the due-process clause.") (emphasis in original).

hearsay analysis.  (Doc. 24, ¶¶ 11-12).[2]

The defendant does not assert that the officers were the moving force behind the reduced charge.  Because the recommendation for a reduced charge came from the "State" as well as from the "Officer," it appears that all that occurred was the commonplace of the prosecutor and defense counsel working out a deal under which the defendant agrees to plead guilty to a reduced charge.  The moving force behind such a deal is the prosecutor, not the arresting officer.  At most, the officer agrees to go along with the deal worked out by others.  The defendant, by describing the action taken as a reduction in the charge "with the approval" of the officers, effectively concedes that they merely acquiesced in a decision made elsewhere.

Moreover, in approving the lawyers' deal, the officers took no "position on a factual matter" (i.e., that the defendant in fact possessed the marijuana only for personal use), but merely acquiesced in a charging decision, which is a matter of discretion, not fact.  *E.g., 75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1297 (11th Cir. 2003).

Finally, the defendant offers no authority for the facially implausible proposition that a city police officer, while working on a state criminal complaint four months before a federal indictment is returned, somehow speaks as the agent of the federal government for purposes of either the hearsay rule or due process analysis.  His single Eleventh Circuit authority addresses only the closing argument of a federal prosecutor in a federal trial,[3] which does not remotely resemble a city police officer's previous work on a state

---

[2] As framed, the defendant's argument invokes only the hearsay rule, and accepting it would only allow the defendant to present evidence at trial in spite of that rule.  The Court assumes the defendant intends to extrapolate from hearsay analysis a framework for evaluating his due process argument.

[3] *United States v. DeLoach*, 34 F.3d 1001 (11th Cir. 1994).  Nor did *DeLoach* hold that a prosecutor's closing argument in one case can ever be admissible in another case as an admission of a party-opponent.  All it ruled was that, under the defendant's own authorities, to constitute such admissions the closing argument must constitute statements of fact equivalent to testimony of the client, rather than advocacy or argument.  *Id*. at

case. His sole other authority states only that a government manifests its adoption of, or belief in the truth of, the statements of a confidential informant when it presents them in an affidavit in support of an application for a search warrant and characterizes them as reliable,[4] but the federal government here is not alleged to have placed its imprimatur on the officers' participation (if any) in the state's decision to charge only a misdemeanor.[5]

There may be a "sham prosecution" exception to the dual sovereignty rule under double jeopardy jurisprudence, although the Eleventh Circuit has never recognized it. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1361 (11th Cir. 1994). Under that exception, "the defendant must show that one sovereign was so dominated, controlled, or manipulated by the actions of the other that it did not act of its own volition." *Id*. Even if that exception had been accepted in this Circuit in the double jeopardy context, and even if it could be extended to the due process context, it would not aid the defendant. His allegation that the officers approved a plea bargain negotiated by counsel falls far short of showing that the State of Alabama was so dominated by the United States (assuming the officers were somehow federal agents) that it did not act of its own volition in reducing the charge.

Similarly "[w]hether issue preclusion may apply in the criminal context to bar one

---

1005-06.

[4]*United States v. Morgan*, 581 F.2d 933, 937-38 (D.C. Cir. 1978).

[5]To the uncertain extent the defendant suggests that, because the officers "are the only material witnesses on which the Government relies" to show possession with intent to distribute, they have somehow become "agents/witnesses" of the government, (Doc. 24, ¶¶ 9-10), his position is similarly unsupported and implausible. Witnesses do not commonly become agents of the government simply because they are witnesses; much less do they become agents of the government with respect to statements and conduct occurring long before they became government witnesses.
The defendant's statement that Federal Rule of Evidence 801(d)(2) renders the officers agents of the federal government, (*id*., ¶ 9), is simply wrong; that rule attributes the statements of a party's agent to the party, but it does not purport to identify the circumstances under which an individual becomes an agent.

governmental entity from relitigating a pretrial suppression order previously rendered against another governmental entity is an open question," which the Eleventh Circuit has not decided. *United States v. Perchitti*, 955 F.2d 674, 675-76 (11th Cir. 1992). Even were the principle applicable in this Circuit, and even if it could be extended to the "issue" of what charges the prosecuting sovereign elects to bring, it could apply only when the state and the federal government are in privity. *Id*. at 676. Privity cannot be based on the mere fact that an actor served both the state and the federal government, unless he "wor[e] both hats simultaneously." *Id*. at 677. "That the same individual wore two hats, but at different times, is not by itself a sufficient demonstration of privity." *Id*. Here, as in *Perchitti*, privity is necessarily lacking "because the state action had been dismissed prior to the initiation of the federal case." *Id*.

In summary, the defendant has produced no authority for the proposition that the federal government's discretion to bring charges is or can be restricted by the prior charging decision of the state government, and the argument appears directly contrary to several strands of precedent. Likewise, the defendant has produced no authority for the proposition that the alleged conduct of the officers in connection with the state's decision to reduce the charges is capable of being attributed to the federal government or of binding it, and multiple lines of authority make such a proposition untenable on the facts alleged.

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is **denied**.

DONE and ORDERED this 13th day of January, 2009.

> s/ WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE